

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

MISSOURI STATE HIGHWAY )
PATROL, )
)
        Appellant, )
)
v. )       **WD86537**
)
ERIC WILLIAM COOLEY, )       **Filed: April 2, 2024**
)
        Respondent. )

## APPEAL FROM THE CIRCUIT COURT OF CALLAWAY COUNTY
## THE HONORABLE KEVIN CRANE, JUDGE

## BEFORE DIVISION THREE: MARK D. PFEIFFER, PRESIDING JUDGE,
## LISA WHITE HARDWICK, JUDGE, W. DOUGLAS THOMSON, JUDGE

The Missouri State Highway Patrol ("MSHP") appeals the circuit court's judgment granting Eric Cooley's request to be removed from the sex offender registry. The MSHP contends the court erroneously declared or applied the law because Cooley failed to name the MSHP as a party to the action and he was not eligible for removal. For reasons explained herein, we vacate the judgment and remand the case to the circuit court for further proceedings in compliance with Section 589.401.[1]

---

[1] All Missouri statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2023 Cumulative Supplement.

## FACTUAL AND PROCEDURAL HISTORY

In December 1997, Cooley pled guilty to one count of third-degree sexual assault in violation of WYO. STAT. ANN. § 6-2-306(a)(iii), in the District Court of the County of Albany, Wyoming ("Wyoming court"). On February 10, 1998, the Wyoming court granted Cooley first offender status pursuant to WYO. STAT. ANN. §7-13-301,[2] and withheld adjudication of guilt as a felon, pending successful completion of two years on probation. In April 1998, Cooley moved to Missouri, where he completed his probation. Cooley's Wyoming guilty plea required him to register as a sex offender in Missouri under Section 589.400, which he did. On January 28, 2000, the Wyoming court granted Cooley a full and complete discharge from probation, stating "this order constitutes a dismissal of all proceedings against [Cooley] and that such discharge is without any adjudication of guilt and is not a conviction for any purpose."

Over 21 years later, on December 6, 2021, Cooley filed a petition in the Callaway County Circuit Court seeking removal from the sex offender registry under Sections 589.401 and 589.414. The MSHP, the Callaway County Sheriff's Department ("Sheriff"), the Callaway County Prosecutor's Office ("Prosecutor"), and the Missouri Attorney General were served and were named parties to the case. The Sheriff and Prosecutor submitted a joint answer objecting to the removal. At a hearing on March 10,

---

[2] Because Cooley had not been previously convicted of any felony, this provision allowed the Wyoming court, without entering a judgment of guilt or conviction, to defer further proceedings and place him on probation for a term not to exceed five years.

2022, the Sheriff and Prosecutor argued against Cooley's petition and moved to dismiss the case due to lack of jurisdiction.

The court dismissed the case without prejudice for lack of jurisdiction. In doing so, the court interpreted the outcome of Cooley's Wyoming case as analogous to a suspended imposition of sentence in Missouri, which constitutes an adjudication of guilt under Section 589.404(1). The court concluded that an adjudication of guilt required Cooley, under Section 589.401.2, to first file a petition for removal under Wyoming law before seeking removal from Missouri's sex offender registry.

Four months later, on August 31, 2022, Cooley initiated another case in the Callaway County Circuit Court by filing what the court's docket entry denominated, "Foreign Judgment from Wyoming." The document was not a foreign judgment, however, but was instead the State of Wyoming's response to Cooley's petition for removal from Wyoming's sex offender registry, which he had filed in the Wyoming court in early August 2022. In this pleading, the State of Wyoming objected to Cooley's request to be removed from the registry on the ground that he was registered in Missouri, not Wyoming; therefore, Wyoming law was not applicable and the Wyoming court was not the appropriate forum for Cooley to seek removal from Missouri's sex offender registry.

On November 4, 2022, Cooley filed a motion for an order in this new case declaring that he no longer needs to register as a sex offender in Missouri. Cooley did not name the MSHP, the Sheriff, or the Prosecutor as parties to the case, and the court's docket entries do not indicate that Cooley ever served the MSHP, the Sheriff, or the

3

Prosecutor with this motion or the "Foreign Judgment from Wyoming." At Cooley's request, two hearings were held on his motion. It does not appear that the MSHP, the Sheriff, or the Prosecutor received notice of or attended these hearings. Following the second hearing, on February 14, 2023, the court made a docket entry stating that Cooley was no longer required to register as a sex offender. On February 22, 2023, Cooley filed a motion to amend the order, asserting that the order had to specifically direct the MSHP to remove him from the registry. On March 14, 2023, the court filed an order stating that Cooley was no longer required to register as a sex offender and directing that the MSHP, the Sheriff, the Prosecutor, and the Attorney General receive notice of the order and remove him from the registry.

The MSHP filed a motion to reconsider and/or vacate the March 14, 2023 order. In this motion, the MSHP asserted Cooley failed to serve the necessary parties to this case, namely, the MSHP, the Sheriff, and the Prosecutor, as required by Sections 589.401.6 and 589.401.8. The MSHP further alleged Cooley was not entitled to removal from the registry because he was under a lifetime obligation to register as a sex offender. After holding a hearing, the court denied the MSHP's motion to reconsider and/or vacate.[3]

---

[3] During the hearing, the court asked the MSHP if it was a respondent in the case. The MSHP replied that it should have been a respondent, but "suppose[d]" it was an intervenor because it was never served. The court indicated that it considered the MSHP a respondent.

The MSHP appealed. We dismissed the appeal because the March 14, 2023 removal order was not denominated a judgment. The circuit court then issued a final judgment directing the MSHP to remove Cooley from the registry. The MSHP appeals.

## STANDARD OF REVIEW

We will affirm the judgment in this bench-tried case unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We review the circuit court's application of statutes de novo. *Dixon v. Mo. State Highway Patrol*, 583 S.W.3d 521, 523 (Mo. App. 2019). In interpreting a statute, we are "to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *Id*. at 523-24 (quoting *State ex rel. Hillman v. Beger*, 566 S.W.3d 600, 604-05 (Mo. banc 2019)).

## ANALYSIS

In Point I, the MSHP contends the circuit court erroneously applied the law in ordering Cooley removed from the sex offender registry. The MSHP argues Cooley's petition for removal did not comply with Section 589.401 because he failed to name the MSHP as a party and he was not eligible for removal solely on the basis that he was released from the registration requirements of another jurisdiction.

When Missouri's Sex Offender Registration Act ("SORA"), Sections 589.400, *et seq.*, went into effect on January 1, 1995, it required that all sex offenders, regardless of the offense, remain on the registry for their lifetime. *Hixson v. Mo. State Highway Patrol*, 611 S.W.3d 923, 924 (Mo. App. 2020). In 2018, however, the legislature

5

amended SORA, dividing sex offenders into three tiers based on the severity of their offenses. *Id*. "The amendments required only those in tier III, the most severe offenders, to register for their lifetimes . . . and imposed lesser registration periods on tiers I and II offenders." *Id*. at 924-25 (citing §§ 589.400, *et seq*.). "The amendments also provided a mechanism for tiers I and II offenders to be removed from the registry." *Id*. at 925 (citing §§ 589.400.10 and 589.401). Specifically, tier I offenders, those who committed one of the 15 least serious offenses, may petition for removal from the registry after 10 years under Section 589.401.4(1). *Hixson*, 611 S.W.3d at 925. Tier II offenders, those who committed one of 13 offenses and certain repeat offenders, may petition for removal from the registry after 25 years under Section 589.401.4(2). *Hixson*, 611 S.W.3d at 925.

A petition for removal from the registry "shall name as respondents the [MSHP] and the chief law enforcement official in the county or city not within a county in which the petition is filed." § 589.401.6. Additionally, the person seeking removal from the registry "shall provide the prosecuting attorney in the circuit court in which the petition is filed with notice of the petition." § 589.401.8. The prosecutor "may present evidence in opposition to the requested relief or may otherwise demonstrate why the petition should be denied." *Id*. "Failure of the person seeking removal or exemption from the registry to notify the prosecuting attorney of the petition shall result in an automatic denial of the person's petition." *Id*.

Cooley complied with Sections 589.401.6 and 589.401.8 when he filed his first case petitioning for removal from the registry in December 2021, as he named the MSHP, the Sheriff, and the Prosecutor as respondents and provided notice to all parties. The

6

Sheriff and the Prosecutor objected to the removal, and ultimately, the case was dismissed without prejudice for lack of jurisdiction. When Cooley filed his motion for removal from the registry in his second case in November 2022, however, he did not comply with Sections 589.401.6 or 589.401.8. He failed to name the MSHP and the Sheriff as respondents and failed to notify the Prosecutor that he was seeking removal. Pursuant to Section 589.401.8, the court should have automatically denied Cooley's motion for removal from the registry. Instead, the court held two hearings on Cooley's motion and ordered his removal from the registry. It was only after ordering Cooley's removal from the registry that the court ordered notice of the removal be provided to the MSHP, the Sheriff, and the Prosecutor.

The circuit court's failure to require Cooley to adhere to the procedure prescribed in Section 589.401 deprived the MSHP, the Sheriff, and the Prosecutor of their statutory right to notice and to present evidence in opposition to Cooley's request for removal. It also prevents us from reviewing any such evidence on appeal.[4] Indeed, we do not have sufficient evidence upon which to affirm or reverse the court's decision to remove Cooley from the registry on its merits.[5] We have no transcript from the two hearings that

---

[4] The MSHP attempted to file a supplemental legal file comprised of documents it asserts would support its claim that Cooley is not entitled to be removed from the registry. Because these documents were not part of the circuit court's record, we cannot consider them. *J.M.L. v. Mo. State Highway Patrol*, 674 S.W.3d 815, 817 (Mo. App. 2023).

[5] If the circuit court removed Cooley from the registry solely on the mere filing of the "Foreign Judgment from Wyoming," that was error. Even if the State of Wyoming's response to Cooley's petition for removal in Wyoming is considered a foreign judgment, "[n]othing in the plain language of [Section] 589.401.2 states that filing a foreign judgment alone guarantees removal from Missouri's registry." *Hixson*, 611 S.W.3d at 927. Rather, Section 589.401.2 "merely lays out the procedure for foreign offenders who satisfy SORA's other removal requirements to seek

7

occurred prior to the court's February 14, 2023 docket entry ordering the removal, and the transcript from the hearing on the MSHP's motion to reconsider and/or vacate indicates that it was not an evidentiary hearing. We cannot "speculate on the evidentiary basis for the circuit court's decision." *J.M.L. v. Mo. State Highway Patrol*, 674 S.W.3d 815, 818 (Mo. App. 2023) (citation omitted).

The circuit court erroneously applied the law in granting Cooley's request to be removed from the sex offender registry without requiring his compliance with Section 589.401. Point I is granted.[6]

**CONCLUSION**

The judgment is vacated, and the case is remanded to the circuit court for further proceedings in compliance with Section 589.401.

LISA WHITE HARDWICK, JUDGE

All Concur.

---

removal in their original filing state and then properly file their foreign judgment in Missouri." *Id.*

[6] Points II and III challenge whether Cooley is eligible for removal from the registry. Not only does our granting of Point I render it unnecessary to address these claims, the deficient record renders us unable to do so. *See J.M.L.*, 674 S.W.3d at 818.